IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-00123-FL

| | |
|---|---|
| CHEMEEKA GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM AND |
| v. | ) RECOMMENDATION |
| | ) |
| JANIE PERKINS, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1] and for frivolity review of the complaint [DE-1-1] pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that the complaint be dismissed for lack of jurisdiction.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an

arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The

court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff, a correctional officer, alleges that she was physically assaulted by Defendant, an inmate at the North Carolina Correctional Institution for Women,[1] and seeks damages for pain and suffering. [DE-1-1] at 2, 4.

Federal courts have limited subject matter jurisdiction and "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The district court has (1) federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and (2) diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ," 28 U.S.C. § 1332(a)(1). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399; *New River Lumber Co. v. Graff*, 889 F.2d 1084 (4th Cir. 1989) ("To establish Section 1332 jurisdiction, a moving party must affirmatively allege . . . the essential elements of diversity on the face of his complaint.").

---

[1] The North Carolina Institution for Women is a state correctional facility operated by the North Carolina Department of Public Safety, Division of Adult Correction. *See* https://www.ncdps.gov/ Adult-Corrections/ Prisons/ Prison-Facilities/NC-Correctional-Institution-for-Women.

Plaintiff has failed to plead any allegations that could be construed to assert a federal question claim against this Defendant. Plaintiff asserts an assault claim based on occurrences at a state-run facility. Assault is generally a state law claim, not a federal law claim. *See Mathis v. Parks*, 741 F. Supp. 567, 573 (E.D.N.C. 1990) (characterizing assault as a state law violation with no independent basis for federal jurisdiction). Although Plaintiff indicates jurisdiction is based on "United States Plaintiff," [DE-1 -1] at 2, the basis of federal jurisdiction Plaintiff appears to rely on is reserved for cases brought by the United States Government. [DE-1-2]; 28 U.S.C. § 1345. Thus, Plaintiff has failed to state a federal claim over which the court could exercise jurisdiction. Plaintiff has likewise failed to allege any facts establishing diversity jurisdiction under 28 U.S.C. § 1332. "In order for the court to have diversity jurisdiction under 28 U.S.C. § 1332, the matter in controversy must exceed the sum or value of $75,000 and the action must be between 'citizens of different States.'" *Rose Acre Farms, Inc. v. N.C. Dep't of Env't & Nat. Res.*, 131 F. Supp. 3d 496, 500-01 (E.D.N.C. 2015) (quoting 28 U.S.C. § 1332(a)(1)), *appeal dismissed*, No. 15-2003 (4th Cir. Sept. 17, 2015). Plaintiff's complaint indicates that both parties reside in North Carolina and contains no amount in controversy as required by 28 U.S.C. § 1332(a). Accordingly, Plaintiff has failed to plead facts that would support exercise of the court's diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, it is recommended that the complaint be dismissed for failure to state a claim over which the court has jurisdiction.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the case be dismissed for lack of jurisdiction.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on

Plaintiff. You shall have until **May 10, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

SUBMITTED, the **26** day of April 2017.

Robert B. Jones, Jr.
United States Magistrate Judge